NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

DANIELLE VANSICKEL, *Appellant*.

No. 1 CA-CR 25-0502
FILED 07-17-2026

---

Appeal from the Superior Court in Yavapai County
No. S1300CR202500628
The Honorable Tina R. Ainley, Judge

---

Mayer Justice Court
No. J1303CM2024000187
The Honorable John Kennedy, Justice of the Peace, *Pro Tempore*

**AFFIRMED**

---

APPEARANCES

Danielle Vansickel, Cordes Lakes
*Appellant*

Yavapai County Attorney's Office, Prescott
By Zachary R. Jones
*Counsel for Appellee*

_____

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Veronika Fabian and Judge Anni Hill Foster joined.

_____

**B R O W N**, Judge:

¶1　　　　Danielle Vansickel appeals from the superior court's judgment affirming her misdemeanor conviction in the Mayer Justice Court. Because Vansickel has not met her burden of showing that the statute underlying her conviction is facially unconstitutional, we affirm.

## BACKGROUND

¶2　　　　Vansickel was convicted of one count of providing false information to law enforcement, in violation of A.R.S. § 13-2907.01. She appealed to the superior court and raised various issues, including the constitutionality of § 13-2907.01, sufficiency of the evidence presented at trial, and deprivation of various constitutional rights. The court affirmed her conviction and she timely appealed.

## JURISDICTION

¶3　　　　Vansickel makes several arguments about the justice court proceedings that she believes were erroneous or unconstitutional. But this court only has "jurisdiction specifically given it by statute." *State v. Avila*, 147 Ariz. 330, 333 (1985). As provided by the legislature in A.R.S. § 22-375(A), "[a]n appeal may be taken by the defendant . . . from a final judgment of the superior court in an action appealed from a justice of the peace or municipal court, *if the action involves the validity of a tax, impost, assessment, toll, municipal fine or statute*." (Emphasis added.) And subsection (B) states that "[e]xcept as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a municipal court."

¶4　　　　Applying those statutory provisions, this court has consistently held that in cases arising from a criminal conviction from a justice or municipal court that are appealed to this court, our jurisdiction is limited to reviewing whether the statute under which the defendant was convicted is facially constitutional. *See State v. Yabe*, 114 Ariz. 89, 90 (App. 1977) (explaining that "[i]f the statute is facially constitutional our inquiry is at an end, as we are without jurisdiction to review any alleged

2

unconstitutional application of the statute"); *see also State v. Hamberlin*, 253 Ariz. 470, 474, ¶ 10 (App. 2022); *State v. Okken*, 238 Ariz. 566, 569, ¶ 8 (App. 2015); *City of Tucson v. Grezaffi*, 200 Ariz. 130, 133, ¶ 3 (App. 2001); *State v. Anderson*, 9 Ariz. App. 42, 43 (1969).

**¶5**         Vansickel urges us to adopt a different interpretation of this statute, which would presumably allow her to raise several other procedural and constitutional issues.   She suggests that the phrase "involves the validity of" only requires her to contest the statute's validity on appeal, and so long as that condition is met, she is entitled to "full appellate review" of the entire judgment (and any issues related to its validity).   Vansickel, however, does not address any of the relevant decisions from this court on this topic, much less explain why those cases are clearly erroneous or inapplicable. *See Castillo v. Indus. Comm'n*, 21 Ariz. App. 465, 471 (1974).

**¶6**         Vansickel's suggested interpretation of A.R.S. § 22-375 would allow full appellate review by this court simply based on inclusion of an argument challenging the validity of the underlying statute.   Her view of the statute's meaning necessarily fails because it conflicts with the legislature's decision to strictly limit what this court can consider when reviewing an appeal from a conviction originating in a justice or municipal court. Accepting Vansickel's interpretation would also render the "validity of a statute" language superfluous. *See State v. Furlong*, 249 Ariz. 578, 581, ¶ 15 (App. 2020).  Tracking the authority cited above, we apply the plain language of the statute as written, which means the only issue Vansickel may properly raise in this appeal is the validity of § 13-2907.01. *See State v. Young*, 223 Ariz. 447, 452, ¶ 25 (App. 2010) ("When a statute's language is plain and unambiguous, we must apply the text as written.").

**¶7**         Vansickel also claims A.R.S. § 22-375 is preempted by provisions of the federal constitution and federal "wiretapping" laws. But she offers no meaningful legal analysis on why the relationship between such laws and A.R.S. § 22-375 would implicate preemption. *See Hutto v. Francisco*, 210 Ariz. 88, 90, ¶ 7 (App. 2005) (listing the circumstances under which federal laws preempt state law).  Thus, the only issue properly before us is whether § 13-2907.01 is facially constitutional.[1] *See Okken*, 238 Ariz. at 569, ¶ 8.

---

[1]         Vansickel alternatively requests that we exercise special action jurisdiction and order supplemental briefing over 13 other issues related to her conviction.  We deny her request.

**DISCUSSION**

**¶8**        To prevail on her claim that § 13-2907.01 is facially unconstitutional, Vansickel must show that "no set of circumstances exists under which [the statute] would be valid," *State v. Wein*, 244 Ariz. 22, 31, ¶ 34 (2018) (quotation and citation omitted). The fact that a statute may "operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid." *Id.* We presume that statutes are constitutional, and the party challenging that statute "has the heavy burden of overcoming that presumption." *State v. McMahon*, 201 Ariz. 548, 550, ¶ 5 (App. 2002). We review questions of a statute's constitutionality de novo. *Id.*

**¶9**        Section 13-2907.01(A) prohibits the following conduct:

> It is unlawful for a person to knowingly make to a law enforcement agency of either this state or a political subdivision of this state a false, fraudulent or unfounded report or statement or to knowingly misrepresent a fact for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a peace officer.

This court considered the facial constitutionality of this statute in *State v. Terrell*, 168 Ariz. 112 (App. 1991). The defendant in that case argued, much like Vansickel, that § 13-2907.01(A) is unconstitutionally vague, overbroad, and penalizes protected speech under the First Amendment. *Terrell*, 168 Ariz. at 113. The court held that the statute only applied to "those persons providing the kind of information set forth in the statute with the requisite knowledge or purpose," and that knowingly false statements to officers do not have constitutional protection. *Terrell*, 168 Ariz. at 113–14. The court also concluded that individuals "must be deterred from providing law enforcement officers and agencies with any information known to be false, fraudulent or misleading and from intentionally impeding such officers or agencies from carrying out their function." *Id.* at 114.

**¶10**        Vansickel argues *Terrell* is inapplicable because subsequent caselaw from the Supreme Court of the United States has overruled its reasoning. She cites *United States v. Alvarez*, 567 U.S. 709, a plurality opinion in which the Supreme Court found the Stolen Valor Act (a statute that made falsely representing oneself as a recipient of the Congressional Medal of Honor a misdemeanor offense) unconstitutional. *Alvarez*, 567 U.S. at 715, 730. The concurring justices in that case rejected the notion that all false factual statements receive "no protection at all" under the First

Amendment. *Id.* at 732–33 (Breyer, J., concurring).[2] As the concurring opinion explained, the Stolen Valor Act lacked any limiting features to ensure the false statements are connected to some specific harm; instead, the Act criminalized false statements "in family, social, or other private contexts, where lies will often cause little harm." *Id.* at 736. To avoid unconstitutional overbreadth, the statute had to be more finely tailored to prohibit false statements that "caused specific harm or at least was material," or statements "likely to be harmful or [in] contexts where such lies are most likely to cause harm." *Id.* at 738.

¶11 Section 13-2907.01, unlike the act at issue in *Alvarez*, does not penalize every false statement made to police officers based only on the falsity of the statement. Rather, the statute criminalizes knowingly making a false statement "for the purpose of interfering with the orderly operation of a law enforcement agency or misleading a police officer." And as *Terrell* acknowledged, the State "has a legitimate interest in facilitating the law enforcement process by discouraging individuals not from communicating with law enforcement officers generally, but from knowingly providing information that will confound the functioning of the justice system." *Terrell*, 168 Ariz. at 114. The added requirement that false statements to officers must be made with a purpose of interfering with law enforcement operations or misleading an officer adequately tailors the statute to "contexts where such lies are most likely to cause harm." *Alvarez*, 567 U.S. at 738. Because § 13-2907.01 is sufficiently tailored to avoid penalizing constitutionally protected speech, the statute is not facially unconstitutional. *See also State v. Albarelli*, 159 A.3d 627, 640, ¶ 36 (Vt. 2016) (concluding a similar Vermont statute did not offend the logic of *Alvarez* because "the prohibition of false speech [wa]s directly linked to a defendant's intent to deflect a government investigation, thus preventing government waste").

¶12 Vansickel also references Article 2, Section 6 of the Arizona Constitution, which provides that "[e]very person may freely speak, write, and publish on all subjects, being responsible for the abuse of that right."

---

[2] In *Alvarez*, four justices joined a plurality opinion, and two other justices concurred. "When a fragmented Court decides a case and no single rationale explaining the result enjoys the assent of five Justices, the holding of the Court may be viewed as that position taken by those [justices] who concurred in the judgments on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977) (citation modified). Thus, Justice Breyer's concurring opinion (applying intermediate scrutiny to the statute at issue) provides the governing standard of *Alvarez*. 567 U.S. at 732.

Although this provision of our constitution may afford broader protection than the First Amendment, *see Coleman v. City of Mesa*, 230 Ariz. 352, 361, ¶ 36 n.5 (2012), Vansickel has not explained how or why this provision would invalidate § 13-2907.01. "Merely referring to the Arizona Constitution without developing an argument is insufficient to preserve a claim that it offers greater protection than the [United States Constitution.]" *State v. Jean*, 243 Ariz. 331, 342, ¶ 39 (2018). Even so, her reading ignores the second clause of the provision, which provides consequences when such a right is abused, such as providing false information that causes harm.

**¶13**        Lastly, Vansickel asks us to consider the constitutionality of another statute, A.R.S. § 41-1750(U)(2), which requires an individual to provide fingerprints if summoned to court. But she seems to challenge subsection (U)(8), which allows a court to remand a defendant into custody for fingerprinting. From Vansickel's brief, it appears she believes these statutory provisions allow for an unconstitutional arrest without a finding of probable cause or a preliminary hearing. The constitutionality of these provisions, however, falls outside the narrow limits of our jurisdiction under A.R.S. § 22-375. And even if we believed our jurisdiction extended to this argument, the constitutionality of § 41-1750 would not affect her conviction.

### CONCLUSION

**¶14**        We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR